**Terry Ty GRIFFEY, Petitioner—Appellant,**

v.

**Sue HUBBARD, Respondent—Appellee.**

No. 04–16451.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2006.*

Filed April 10, 2006.

Walter K. Pyle, Esq. Law Offices of Walter K. Pyle & Associates, Berkeley, CA, for Petitioner–Appellant.

Amy Haddix, Esq., AGCA–Office of the California Attorney General (SF), San Francisco, CA, for Respondent–Appellee.

Before: HAWKINS, McKEOWN and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Terry Ty Griffey appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging his jury-trial convictions and 10–year sentence for rape and assault by means of force likely to produce great bodily injury. We have jurisdiction pursuant to 28 U.S.C. § 2253. We reverse the district court's judgment and remand with instructions to conditionally grant the writ of habeas corpus.

Griffey contends that California Jury Instructions Nos. 2.50.01 and 2.50.1, as given in his case, violate due process because they impermissibly lower the government's burden of proof by permitting conviction under a preponderance of evidence standard. In light of our decision in *Gibson v. Ortiz*, 387 F.3d 812 (9th Cir.2004), we agree. We conclude that the California Court of Appeal's decision affirming Griffey's convictions for rape and assault with force was contrary to clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Gibson*, 387 F.3d at 822–25 (holding that a state court decision which found the same combination of jury in-

not sufficient to create a genuine issue of fact).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

structions to be constitutional was contrary to *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993)). We therefore reverse the district court's denial of habeas relief and remand to the district court for the court to grant a conditional writ of habeas corpus instructing the State that it may either retry Griffey within an appropriate period to be determined by the district court, or release him from custody.

Griffey's motion to broaden the Certificate of Appealability is denied.

**REVERSED and REMANDED.**